**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3021

_____

AMRO A. ELANSARI,
                        Appellant

v.

PAMELA RUEST; UNITED STATES MARINE CORPS

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:19-cv-03609)
District Judge: Honorable Petrese B. Tucker

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on March 9, 2020

Before: JORDAN, BIBAS, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed: March 10, 2020)

OPINION[*]

PER CURIAM

Amro Elansari appeals from an order of the United States District Court for the Eastern District of Pennsylvania, which dismissed his complaint because the defendants were immune from suit. We will affirm the District Court's judgment.[1]

In his complaint, Elansari alleged that his constitutional rights were violated when the U.S. Marine Corps did not allow him to enlist because he was on probation. Elansari stated that he then applied for early termination of his probation in Pennsylvania's Centre County Court of Common Pleas for "good behavior." D.C. Dkt. No. 2, ¶ 3. Elansari alleged that Judge Pamela Ruest committed "fraud" when she denied his request. See id. ¶ 15.

The District Court properly dismissed Elansari's claims against the Marine Corps, as federal agencies are shielded by sovereign immunity absent an explicit waiver. See FDIC v. Meyer, 510 U.S. 471, 475 (1994). And the District Court's dismissal of Elansari's claims against Judge Ruest on the basis of judicial immunity was also proper, as Elansari's claims challenged Judge Ruest's decision to deny his application for early termination of probation; that decision was within her jurisdiction. See Stump v. Sparkman, 435 U.S. 349, 356–57 (1978) ("A judge . . . will be subject to liability only when [s]he has acted in the 'clear absence of all jurisdiction.'" (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] We have jurisdiction under 28 U.S.C. § 1291.

(1872))). Elansari's conclusory allegation that Judge Ruest used "outside-of-the-courtroom procedural tactics to deprive [him] of a fair opportunity to challenge" his conviction, Appellant's Br. 12, does not defeat that immunity.[2]

For the foregoing reasons, we will affirm the District Court's judgment.

---

[2] Because the Defendants were immune from suit, the District Court did not abuse its discretion in dismissing the complaint without allowing Elansari to amend it. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002) (indicating that a district court should give a plaintiff leave to amend unless amendment would be inequitable or futile).